AB:ANR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | (21 U.S.C. §§ 846, 841) |
| CHRISTIAN CAICEDO and YHONNY ALVAREZ RIVERA,<br>Defendants. | 22-MJ-1029 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

Derrick Kasprzewski, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration, duly appointed according to law and acting as such.

On or about September 19, 2022, within the Eastern District of New York and elsewhere, the defendant CHRISTIAN CAICEDO did knowingly and intentionally attempt to distribute and possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841.

(Title 21, United States Code, Sections 846, 841)

On or about September 19, 2022, within the Eastern District of New York and elsewhere, the defendant YHONNY ALVAREZ RIVERA did knowingly and intentionally distribute and possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Section 841)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been since 2019. Prior to becoming a Special Agent, I was a Patrol Office for 10 years with Muhlenberg Township in Pennsylvania. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). As a Special Agent, I have participated in numerous investigations of federal crimes, including unlawful drug trafficking and money laundering, and have, among other things, conducted or participated in surveillance, the execution of search warrants – including the execution of search warrants for the purpose of tracking vehicles – debriefings of informants, and reviews of taped conversations and drug records. I have participated in investigations that included the interception of wire communications. I have been trained in various aspects of law enforcement, particularly the investigation of narcotics and money laundering offenses. I am familiar with the manner and means in which controlled substances are used, possessed, packaged, and distributed. In addition, I am familiar with the manner and means in which narcotics proceeds are collected, processed, transported, and laundered. Investigations in which I have been involved have resulted in numerous arrests and convictions, as well as seizures of narcotics and narcotics proceeds.

2. The DEA has been investigating drug distribution in New York and New Jersey and the surrounding region. During the course of this investigation, law enforcement agents have learned that the defendant CHRISTIAN CAICEDO purchased kilograms of controlled

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

substances in New York City and transported these narcotics by car to New Jersey for distribution.

3. In or about August and September 2022, a confidential source (the "CS")[2] communicated in-person with the defendant CHRISTIAN CAICEDO about various narcotics transactions in which he sold kilograms of cocaine to customers in New York and New Jersey.

4. During the investigation, law enforcement agents obtained narcotics from the defendant CHRISTIAN CAICEDO in the New York and New Jersey area. Agents tested the narcotics obtained from CAICEDO which field-tested positive for cocaine.

5. On or about September 19, 2022, law enforcement agents conducted physical surveillance of the defendant CHRISTIAN CAICEDO who traveled in his vehicle from New Jersey to Queens, New York.

6. Once CAICEDO arrived at a residence in Queens, New York, agents then observed the defendant YHONNY ALVAREZ RIVERA exit CAICEDO's vehicle and walk away from it. RIVERA then returned to the vehicle minutes later holding a large dark backpack. Based on my training and experience, the large dark backpack appeared to contain heavy objects consistent with the concealment of narcotics. Agents observed RIVERA re-enter the vehicle on the passenger side while CAICEDO appeared to be looking at the contents of large dark backpack in the back seat of his vehicle. Agents then observed what appeared to be CAICEDO tossing the large dark backpack into the back of the vehicle. CAICEDO then quickly re-entered his vehicle in the driver's seat. CAICEDO and RIVERA then departed the area by vehicle.

---

[2] The CS is cooperating with the government in the hopes of receiving leniency as part of an ongoing narcotics investigation.

7. Law enforcement agents followed the defendant CHRISTIAN CAICEDO's vehicle for a couple of blocks. CAICEDO's vehicle then abruptly pulled over to the side of the road and agents directed CHRISTIAN CAICEDO to exit the vehicle and YHONNY ALVAREZ RIVERA also exited the vehicle and attempted to walk away where he was subsequently stopped by agents. The agents observed what appeared to be a duct-taped wrapped rectangular package in the trunk of CAICEDO's vehicle that was contained within the large dark backpack. Upon seeing the duct-taped wrapped rectangular package, law enforcement then searched the vehicle and found three large bricks and one smaller brick that weighed approximately 3.5 kilograms.

8. Law enforcement agents subsequently field tested these bricks for narcotics which resulted in a positive test for cocaine. CAICEDO and RIVERA were then placed under arrest.

WHEREFORE, your deponent respectfully requests that the defendants CHRISTIAN CAICEDO and YHONNY ALVAREZ RIVERA be dealt with according to law.



Derrick Kasprzewski
Special Agent, Drug Enforcement Administration

Sworn to before me this
21 day of September, 2022